AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

FILED by _____ D.C.

JUL 1 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  13-8331-JMH |
| Randy William Salazar | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 1, 2013 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1) and (b)(1)(A) (vii) | Possession with Intent to Distribute 1000 or more Marijuana Plants |

This criminal complaint is based on these facts:

see attached affidavit.

☐ Continued on the attached sheet.

_____
_Complainant's signature_

DEA Special Agent Sean Morrow
_Printed name and title_

_I find probable cause._

Sworn to before me and signed in my presence.

Date: 7-15-13

_____
_Judge's signature_

City and state:      West Palm Beach, Florida

Magistrate Judge James M. Hopkins
_Printed name and title_

**AFFIDAVIT**

1. I, Sean Morrow, am a duly sworn Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice and have been so employed since October 2011. Prior to my employment with the DEA, I was employed as a Police Officer with the West Palm Beach Police Department, West Palm Beach, Florida, for approximately four and a half years. I am currently assigned to the DEA Miami Division, HIDTA Enforcement Office Group #42. The Attorney General has empowered me with Title 21 Authority under the United States Code, which authorizes seizures and arrests for violations of the Controlled Substances Act. I have been involved in numerous investigations that have resulted in numerous arrests and seizures of controlled substances. I am currently involved in an investigation targeting subjects involved in the trafficking, cultivation, and distribution of marijuana in the Southern District of Florida. Your Affiant has personally participated in the instant investigation and based on that participation and from information relayed to your Affiant by other law enforcement agencies, your Affiant is familiar with the facts and circumstances of this investigation. This affidavit contains only those facts pertinent to the establishment of probable cause in support of an arrest warrant for Randy William SALAZAR. My investigation had shown the following events detailed in paragraphs below.

2. On May 1st 2013, at approximately 4:00 a.m., Palm Beach County Sheriff's

1

Office Deputy Rebholz was on routine patrol in the area of South H Street and 3rd Avenue South in Lake Worth, Florida and began to detect the odor of raw cannabis in the vicinity. Deputy Rebholz parked in the area and walked towards the warehouse, which was located at the southeast corner of South H Street and 3rd Avenue South. Deputy Rebholz said the odor of raw cannabis was detectable out to South H Street, when he approached building #308. Deputy Rebholz said the odor was overpowering when he was at the front door of unit #2. Deputy Rebholz stated he could hear loud humming noises coming from within the unit.

3. On May 1st 2013, at approximately 5:00 a.m.  Palm Beach County Sheriff Narcotics Agent Aaron Vento met with Sergeant Cisco and Deputy Rebholz in the area of South H Street and 3rd Avenue South. After Agent Vento was briefed by Sergeant Cisco, Agent Vento walked down South H Street towards building # 308 and immediately detected the odor of raw cannabis. Agent Vento walked up to the front door marked # 2 and confirmed the odor of cannabis coming from the unit was overwhelming. Agent Vento could also hear the loud noises and sounds coming from within the unit. Agent Vento, as well as your Affiant, knows from past training and experience that indoor cannabis cultivation producers will install air-conditioning units, irrigation pumps, and electrical transformers for high intensity lights inside of the grow rooms for the cultivation of marijuana. The loud humming sound was consistent with the sound coming from unit #2. Agent Vento checked units #1 and units #3 and concluded that the intense odor of raw cannabis was indeed coming from within unit #2. Agent Vento didn't observe any cannabis

2

plants growing outside the warehouse unit that would account for the odor for the cannabis present outside of # 308 South H Street #2 Lake, Worth, Florida.

4. On May 1st 2013, at approximately 4:00 p.m. Agent Vento and other Palm Beach County Narcotics Detectives executed a lawfully obtained State of Florida search warrant at 308 South H Street Unit #2, Lake Worth, and Palm Beach County, Florida. Upon entry into Unit #2 by Palm Beach County Narcotics Detectives, a thorough search was conducted and a large modified structure constructed within Unit #2 with an entry door was located. Agents entered the modified structure and Agent Vento could see cannabis plants and cannabis growing equipment in plain view. There was a secondary doorway discovered which led into an additional cannabis grow room which appeared to be within Unit #1. Agent Vento learned the only method of entry to Unit #1 is through the modified structure contained with Unit #2. Both Units #1 and #2 were both utilized as being part as single large scale indoor cannabis grow operation. At this time Agent Vento secured a State of Florida search warrant for Unit #1.

5. Once both search warrants were secured, an overall search of all the units commenced. Unit #1 and Unit #2 both contained equipment which were consistent with equipment used in indoor cannabis grow operations. There were a total of 1,730 cannabis plants, weighing approximately 320 pounds in all the units within the building. There were air conditioning systems, high intensity discharge grow light fixtures with bulbs, electrical transformers, heavy gauge wiring, large

3

can filters, and cannabis grow chemicals, and garbage bags of discharged soil and cannabis grow roots. Also in the main area of Unit #1 was a large open trailer parked within the unit, which contained numerous garbage bags with cannabis grow chemicals, discharged mylar, and other marijuana grow related trash. The trailer had a Florida tag of BUCX39 attached to the rear which comes back to registered owner Randy William SALAZAR of 116 North F Street Lake Worth, Florida. There was a calendar with hand written notes in Spanish for feeding and watering instructions for cannabis plants. The pages were left on the floor near the entry door which lead into the grow rooms. Agent Vento located a document titled MVTS Basic Driver Improvement/TCAC on top of an air conditioning unit which was positioned next to the rear door. The document was partially filled out with the following information; Last four digits of social security # 2006, date of birth 12-xx-1987, and address of 4074 Winchester Lane, West Palm Beach, FL, 33406. The back of the page had hand written notes in English of grow chemicals and amounts. Agent Vento compared the information on the front of the document with Randy William SALAZAR's Florida driver's license. Agent Vento utilized one of the mobile computers, which Palm Beach County Sheriffs Office issue, to find Randy William SALAZAR in the Florida driver's license database. Agent Vento compared the information on the front of the document with Randy William SALAZAR's Florida driver's license and discovered that SALAZAR's social security number is xxx-xx-2006, SALAZAR's date of birth is 12-xx-1987 and one of his previously listed addresses on his license and registration was 4074 Winchester Lane, West Palm Beach, FL, 33406.

4

6.  Agent Vento searched the modified area of Unit #2 and a metal rack which contained multiple grow chemicals/fertilizers, along with measuring devices. Agent Vento compared the names of the chemicals listed on the document (MVTS Basic Driver Improvement/TCAC) and confirmed the majority of the chemicals on the shelf were the same. After the search of all the units inside was concluded, a total of 1,730 cannabis plants, weighing approximately 320 pounds were discovered. The cannabis plants recovered from the cannabis grow rooms in Unit #1 and Unit #2 were counted on video. Agents removed the root structures on video and separated them into 80% and 20% groups as per Palm Beach County Sheriffs Evidence policy.

7.  Agent Hunter with the Palm Beach County Sheriff's Office, made contact with the building owner "M. G." M.G. stated to Agent Hunter, in substance, he did not give anyone permission to make any modifications to the building. All the windows and loading docks for the buildings were sealed shut. The indoor fan for the building was completely boarded shut, thus not allowing any air to go outside. Added wall fixtures and reinforcement to the inside walls were constructed as well. M. G. summarized to Agent Hunter that both Unit #1 and Unit #2 are being rented to a white male named "Alex" and a Hispanic male named "Randy". M. G. advised that Randy is the one he has seen lately going into the building and is the one who has been paying the rent for the building. M. G. told Agent Hunter he regularly sees Randy going into and out of the building, where the units containing the cannabis plants were. Agent Vento later obtained a copy of the

5

lease for the units.  The lease indicates the units were leased on 01-25-2012 by Tyler MANRODT.

8.     On June 18, 2013 your Affiant and Special Agent Raymond Catena with the Drug Enforcement Administration, spoke with M. G. in regards to building #308. M. G. told your Affiant and Special Agent Catena he rented out building #308 to a white male "Alex" and a Hispanic male "Randy". M. G.  said both "Alex" and "Randy" were present on 01-25-2012 when the lease was signed for building #308, although only "Alex" signed the lease. M. G. told your Affiant and Special Agent Raymond Catena that Tyler MANRODT introduced himself as "Alex" but filled the original lease paperwork out as "Tyler MANDRODT.

9.    M. G. was shown two separate six person photo lineups for "Alex" and "Randy". M. G. was asked to look at each line up and to identify "Randy" and "Alex" if he recognized them in the photo array. M. G. positively identified William Randy SALAZAR as the first person in first photo lineup as the person he knew as "Randy".  M. G. identified Tyler MANDRODT as the person in the second photo lineup he knew as "Alex." M. G. said he always called Tyler MANRODT "Alex" and William Randy SALAZAR "Randy".  M. G. said both Tyler MANRODT and William Randy SALAZAR would initially come to his office together to pay for rent, but William Randy SALAZAR had been going to pay for the rent in cash the past few months alone. M. G. said Tyler MANDRODT and William Randy SALAZAR told him they owned an air conditioning business and needed building

6

#308 for their storage. On different occasions M. G. said he saw William Randy

SALAZAR driving a black GMC truck to their office when he paid for rent for

the building and saw the black GMC truck at the warehouse.


Based upon the aforementioned, your affiant believes there is probable cause to issue an

arrest warrant for William Randy SALAZAR for the charge of Possession with Intent to

Manufacture, Distribute, or dispense over 1000 plants of Marijuana, in violation of Title

21 United States Code, Sections 841(a)(1) and (b)(1)(A)(vii).


Subscribed and sworn to before me this _15_ day of July, 2013

Sean A. Morrow, Special Agent
U.S. Drug Enforcement Administration


James M. Hopkins
Magistrate Judge
United States District Court
Southern District of Florida

7

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

No.    13-8331-JMH

**UNITED STATES OF AMERICA**

**vs.**

**Randy William Salazar,**

**Defendant.**

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes ___X___ No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes ___X___ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:    _____

AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 188591
500 S. Australian Ave., Ste. 400
West Palm Beach, Florida   33401
TEL (561) 820-8711
FAX (561) 802-1787